**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LIONEL PARKS, SR. (#67187)**                                              **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**                                                    **NO. 07-0282-A-M2**

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 29, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LIONEL PARKS, SR. (#67187)**                                      CIVIL ACTION

**VERSUS**

**N. BURL CAIN, ET AL.**                                             NO. 07-0282-A-M2

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the parties' cross-motions for Summary Judgment, rec.doc.nos. 17 and 20.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain and Dr. S. Singh, complaining that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs in December, 2006, when he was denied pain medication after undergoing eye surgery at that time.

The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a copy of the disciplinary Rules and Procedures for Adult Inmates (December, 2000), the affidavits of Connie McCann and Kimberley Lemaire, and a certified copy of the plaintiff's administrative remedy proceeding ("ARP") - including a copy of the plaintiff's duty status dated March 2, 2007, excerpts from the plaintiff's medical records, and LSP Directives Nos. 13.060 and 13.063 relative to the assignment of duty statuses upon an inmate's return from an outside medical facility.

The plaintiff moves for summary judgment relying upon the pleadings and upon additional portions of his administrative remedy proceedings.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

In his Complaint, the plaintiff alleges that on December 23, 2006, he underwent surgery to his right eye at Chabon Medical Center in Houma, Louisiana, which surgery allegedly resulted in six (6) stitches being placed under his eyelid. According to the plaintiff, he was transported back to LSP after the surgery and returned to his dormitory housing. He complains, however, that he was not given any type of pain medication at that time and that he was given no pain medication for several days thereafter other than over-the-counter Tylenol, which he asserts was wholly insufficient to address his severe discomfort. The plaintiff complains that he was told by a physician at Chabon Medical Center that, pursuant to orders from the prison, inmates were not allowed to have prescriptions for pain medication.

Addressing the defendants' motion for summary judgment, the defendants assert, relying upon a certified copy of the plaintiff's administrative remedy proceeding, that the plaintiff has failed to exhaust administrative remedies relative to his claims. Pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions. This provision is mandatory and allows for no exceptions.

Upon a review of the plaintiff's Complaint, together with a review of the plaintiff's administrative remedy proceeding filed into the record

of this proceeding, it appears that the defendants' motion is well-taken and that the plaintiff's claims have not been exhausted through the administrative process. Specifically, whereas the plaintiff identified in his Complaint Administrative Remedy Proceeding No. LSP-2007-0723 as the ARP which he commenced and exhausted relative to the claims asserted herein, a review of the referenced ARP reflects no claim whatever therein relative to a denial of pain medication in December, 2006. To the contrary, the claim presented in the referenced ARP is solely that, in March, 2007, he was issued an improper one-month limited duty status at LSP which called for working indoors with no sports and no hobbycraft instead of a one-month no-duty status which he believed he was entitled to. The plaintiff offers no argument or evidence to refute this obvious failure to assert the instant claim through the administrative process.[1] Accordingly, it is clear that the plaintiff has failed to exhaust administrative remedies relative to the claim presented in this case and that the defendants are entitled to summary judgment as a matter of law, dismissing this action pursuant to 42 U.S.C. § 1997e.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's motion for summary judgment, rec.doc.no. 20, be denied. It is the further recommendation of the Magistrate Judge that the defendants' motion for summary judgment, rec.doc.no. 17, be granted, dismissing the plaintiff's claims against the defendants, without prejudice, for failure

---

[1] In his opposition to the defendants' motion, the plaintiff complains primarily about the defendants' failure to file with the Court what he believes to be a <u>complete</u> copy of the record in ARP No. LSP-2007-0723. Notwithstanding, inasmuch as the Court finds that this ARP fails, in any event, to assert the claim made in this proceeding, the completeness or incompleteness of the administrative record is irrelevant.

to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, January 29, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**